UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMVAULT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRAD SCHWARZ, <br><br> Defendant. | Civil Action No.: 3:22-00306-MAS-DEA <br><br> *Document Electronically Filed* <br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION TO SEAL PURSUANT TO L. CIV. R. 5.3** |

**THIS MATTER** having been brought before the Court by way of Plaintiff Commvault Systems, Inc.'s ("Commvault") Motion to Seal the exhibits and the Declaration of David Boyle (ECF #5), as well as the portions of the exhibits to the Declaration of David Boyle that were re-filed with the Court, in redacted form, on February 7, 2022 (ECF #15); and the Court having considered the parties' submissions and proposed sealed information, and the factors contained in Local Civil Rule 5.3(c)(2); and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. Plaintiff Commvault Systems, Inc. ("Commvault") has filed with this Court a Verified Complaint (ECF #1), alleging, among others, causes of action under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and under the New Jersey Trade Secrets Act, N.J.S.A. 56:15-2.

2. In support of its Complaint, Commvault filed under seal the Declaration of David Boyle (the "Boyle Declaration") that attached a sampling of the Commvault trade secrets and confidential information that is at issue in this action. (ECF #5).

3. Attached to the Boyle Declaration are thirteen (13) files (also filed under seal) that contain Commvault trade secrets and confidential information. (*See* ECF #5).

4. On February 7, 2022, Commvault filed publicly available versions of the Boyle Declaration and exhibits with redactions of the confidential material contained in those files. (ECF #15).

5. The Verified Complaint references the Exhibits to the Boyle Declaration and to the highly sensitive and confidential information contained therein.

6. Commvault timely moved to seal those portions of the Exhibits to the Boyle Declaration because the Exhibits contain trade secrets and highly confidential and proprietary information of Commvault.

7. Commvault seeks to protect the trade secrets and confidential information identified in the Appendix to the Certification of Daniel R. Levy, Esq.

in Support of the Motion to Seal Materials pursuant to Local Civil Rule 5.3 ("Commvault's Confidential Information").

**Commvault's Confidential Information**

8. Commvault's Confidential Information, which is identified in the Appendix to the Certification of Daniel R. Levy, Esq., refers to the trade secret and confidential information of Commvault's business.

9. Commvault has a legitimate interest in maintaining the confidentiality of this information in order to protect against the disclosure to the public of Commvault's trade secrets and highly confidential and proprietary business information.

10. The clearly defined and serious injury that would result should the designated Exhibits to the Boyle Declaration not be sealed is the disclosure of trade secret and other highly confidential and proprietary business information. Disclosure of such confidential information would allow any competitor of, or any person or entity seeking to compete with, Commvault access to its confidential information, which comprises a clearly defined and serious injury. Revealing such information would be highly damaging to Commvault, and it may further chill other entities from seeking to protect against the disclosure of their confidential information.

11. There is no less restrictive alternative available other than to seal the unredacted materials containing Commvault's Confidential Information identified in the Appendix to the Certification of Daniel R. Levy, Esq.

12. The Boyle Declaration and redacted versions of the portions of the Exhibits to the Boyle Declaration that are the subject of this Motion to Seal have been filed with the Court and are publicly available.

## CONCLUSIONS OF LAW

13. The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the Motion, finds that Commvault has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the information sought to be sealed by Commvault contains confidential information that warrants sealing.

14. Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. *See Goldstein v. Forbes (In re Cendent Corp.)*, 260 F.3d 183, 192, 194 (3d Cir. 2001) (citation omitted). The party seeking to seal part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The Court has power to seal confidential information

based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent*, 260 F.2d at 194.

15. The Defend Trade Secrets Act of 2016, which amended the Economic Espoinage Act of 1996 (the "EEA"), states that the Court "*shall* enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835(a) (emphasis added); *U.S. v. Hsu*, 155 F. 3d 189, 197 (3d Cir. 1998).

16. 18 U.S.C. § 1835(b) describes the rights of owners of trade secrets and states that "[t]he Court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret" unless specific requirements are met.

17. Section 1835 of the EEA represents "a clear indication from Congress that trade secrets are to be protected to the fullest extent during EEA litigation[,]" and "it further encourages enforcement actions by protecting owners who might otherwise 'be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth.'" *Hsu*, *supra*, 155 F. 3d at 197 (quoting H.R.Rep. No. 104-788, at 13, 1996 U.S.C.C.A.N. at 4032).

18. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

19. The information identified in the Certification of Daniel R. Levy, Esq. and Appendix thereto satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the materials.

**WHEREFORE**, the Court having found that the relief sought is warranted, and for good cause shown, **IT IS** on this 3rd day of March 2022,

**ORDERED AS FOLLOWS:**

1. The Motion to Seal is **GRANTED**.
2. The material identified in the Appendix to the Certification of Daniel R. Levy, Esq. in Support of the Consolidated Motion to Seal contains confidential and/or highly confidential information and shall remain sealed.
3. The exhibits and Declaration of David Boyle (ECF No. 5) shall remain sealed.

4.      The redacted portions of the exhibits to the Declaration of David Boyle that were filed with the Court on February 7, 2022 (ECF No. 15) shall remain in redacted form.

**IT IS SO ORDERED.**

                                                  DOUGLAS E. ARPERT
                                                UNITED STATES MAGISTRATE JUDGE

-**this Order terminates ECF No. 16.**